IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| DONNIE WILLIAMSON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:13-cv-01487 AJT/TCB |
| ) | |
| LUMBER LIQUIDATORS ) | |
| HOLDINGS, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS UNDER RULE 12(b)(6)**

Plaintiffs sued the wrong entity.  A parent holding company is not responsible for the acts of an operating subsidiary.  Efforts to have Plaintiffs substitute the proper entity have failed.

Lumber Liquidators sells hardwood flooring nationwide.  Plaintiffs allege various statutory and contract claims from the sale of products at "Lumber Liquidators" stores in Texas, Florida and Massachusetts.  The stores, as well as Lumber Liquidators's website, are operated by Lumber Liquidators, Inc. ("LLI").

Plaintiffs did not sue LLI, but instead named its parent holding company – Lumber Liquidators Holdings, Inc. ("Holdings").  Holdings is nothing more than its name implies:  the publicly-traded entity that conducts no business operations, but solely holds or owns other companies.  The Pleadings and incorporated documents demonstrate that any valid claims in this case would potentially lie against LLI, but not Holdings.  For example:

- The documents on which Plaintiffs rely for their claims (including purchase orders, warranties and website pages) reference only LLI and another subsidiary, Lumber Liquidators Services, LLC ("LLS"), but never Holdings.

- Lumber Liquidators's public securities filings show that Holdings is the corporate parent and owns the stock of the operating subsidiary LLI.

- LLI, not Holdings, is registered to do business in Plaintiffs' three states.

- LLI, not Holdings, pays property taxes for its stores.

- LLI and other affiliates, not Holdings, own the trademarks relating to the Lumber Liquidators stores and products.

The Complaint fails to state a claim and should be dismissed. Even accepting all of the factual allegations as true, Holdings cannot be liable because: (1) incorporated documents show that it did not make or sell the products at issue here, and (2) Holdings is a separate corporate entity and thus not liable for the actions of its subsidiaries.

Regrettably, Plaintiffs have been unwilling to correct their self-imposed error of naming the wrong defendant. Two weeks ago, Holdings's counsel raised this issue with Plaintiffs' counsel in an effort to avoid filing this motion. Holdings's counsel even suggested that if Plaintiffs would not agree to file an amended complaint substituting LLI as the proper defendant, then Plaintiffs could add LLI as an additional defendant in an amended complaint. Plaintiffs refused to do so without Holdings giving up procedural protections under the Federal Rules of Civil Procedure; Holdings was unwilling to do so, necessitating this motion.

The Court should dismiss Plaintiffs' claims against Holdings.

## RELEVANT FACTS

The following facts are either (1) factual allegations in the Complaint that are assumed to be true for the purposes of this motion, (2) documents alleged in the Complaint, or (3) public filings of which the Court can take judicial notice, including SEC filings.[1]

---

[1] For this Motion, the Court can consider a document expressly referenced in the Complaint or integral to Plaintiffs' claims. *Robinson v. Am. Honda Motor Co.*, 551 F.3d 218, 222-23 (4th Cir. 2009) (affirming district court's decision to consider a warranty attached to defendant's motion to dismiss); *American Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367

## I.      THE COMPLAINT

Three individual Plaintiffs (Donnie Williamson, Melissa Stini and Jennifer Hogencamp) reside in three separate states (Florida, Texas and Massachusetts, respectively).  Complaint ¶¶ 12-14.  Plaintiffs purchased wood flooring products from three "Lumber Liquidators" stores in those three states.  *Id.* ¶¶ 12-14, 16, 19.  Plaintiffs installed the flooring in their homes.  *Id.* ¶¶ 12-14.

Plaintiffs raise two general grievances with the flooring.  First, they claim that it allegedly contained too much formaldehyde when purchased.  *Id.* ¶¶ 7, 12-14, 27, 47.  Second, they claim that the wood used to make the flooring was harvested in Russia in violation of local law, which caused the importers and sellers of the wood products to violate the federal Lacey Act.  *Id.* ¶¶ 5, 80-88, 143, 157, 201.  To support their claims, Plaintiffs repeatedly cite to statements on Lumber Liquidators's website (the "Website").  *See, e.g.*, *id.* ¶ 42 & n.3, ¶ 44 & n.4, ¶ 77 & n.18, ¶ 78.

Plaintiffs state various statutory causes of action, including under the Racketeering Influenced and Corrupt Organizations Act ("RICO"), the Magnuson-Moss Warranty Act, the Virginia Consumer Protection Act, as well as claims for breach of express and implied warranty and for unjust enrichment.  *Id.* ¶¶ 8, 103-231.  Plaintiffs also seek certification of their claims on a class-wide basis.  *Id.* ¶¶ 92-102, 232-234.

Plaintiffs named only one defendant – Holdings.  Plaintiffs correctly allege that Holdings is incorporated in Delaware and has its headquarters in Virginia.  *Id.* ¶ 15.

---

F.3d 212, 234 (4th Cir. 2004) (documents integral to complaint may be considered on Rule 12(b)(6) motion).  The Court can also take judicial notice of public filings.  *Witthohn v. Fed. Ins. Co.*, 164 Fed. Appx. 395, 396-97 (4th Cir. 2006) (judicial notice of public documents neither referenced by nor integral to complaint (citing *Gasner v. Cnty. of Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995))).

## II.     THE LUMBER LIQUIDATORS FAMILY OF SEPARATE COMPANIES

As Plaintiffs allege, Lumber Liquidators has stores in 46 states.  *Id.* ¶¶ 16, 19.  Lumber Liquidators also sells its products through its Website.  *Id.*

Holdings is the parent entity of a family of Lumber Liquidators subsidiaries.  Holdings is publicly-traded on the New York Stock Exchange under the stock symbol LL.  Holdings is registered to do business in Delaware, where it is incorporated, *see* Exhibit 1, and in Virginia, where it maintains its headquarters, *see* Exhibit 2.  Holdings is ***not registered*** to do business in Texas, Florida or Massachusetts, the three states where Plaintiffs purchased their products at Lumber Liquidators stores.

Holdings' SEC filings describe the "holding company structure," in which Holdings is the parent entity that owns the stock of the operating subsidiaries, including LLI:

> [LLI] reorganized effective December 31, 2009 to create a new holding company structure.  As a result, a new parent company named Lumber Liquidators Holdings, Inc. was formed.  Outstanding shares of the common stock of the former parent company, which was named Lumber Liquidators, Inc., were automatically converted, on a share for share basis, into identical shares of common stock of the new holding company. . . .[2]

> * * * *

> The consolidated financial statements of the Company . . . include the accounts of its wholly owned subsidiaries, Lumber Liquidators, Inc. ("LLI"), Lumber Liquidators Services, LLC, and Lumber Liquidators Leasing, LLC.[3]

Documents referenced in the Complaint or on public filings confirm that Holdings' subsidiaries like LLI operate the business:

---

[2]     Lumber Liquidators Holdings, Inc. Form 10-K at 25 (for the year ending December 31, 2012) (relevant excerpts attached as Exhibit 3).

[3]     Lumber Liquidators Holdings, Inc. Form 10-Q at 7 (for the quarter ending March 31, 2010) (relevant excerpts attached as Exhibit 4).

***Documents Referenced In Complaint.***  Plaintiffs' claims arise from alleged representations and warranties on the Website, which names LLI (and, in one irrelevant instance LLS) – and not Holdings.  For instance:

- The Complaint references a page on the Website entitled, "Formaldehyde—What Is It?," *id.* ¶ 42 & n.3, and on the bottom of the page it references the name of LLI.  Exhibit 5.

- The Complaint references the warranty for the "Mayflower" products, *id.* ¶ 46, which expressly states that LLI – not Holdings – provides the warranty.  Exhibit 6.

- The Complaint references Lumber Liquidators's "Purchase Order Terms and Conditions," *id.* ¶ 44 & n.4, ¶ 78, which names LLS as the purchasing party, not Holdings.[4]  Exhibit 7.

- In addition, the "Terms and Conditions" of the Website repeatedly reference "Lumber Liquidators, Inc." and not Holdings.  *See* Exhibit 8.

By contrast, the Complaint does not site a single warranty or other statement on the Website that says it is provided by or in the name of Holdings.

***Business Operations In The Three States.***  Further confirming that LLI and not Holdings operates the business at issue in the Complaint, LLI is registered to do business in each of Plaintiffs' respective states, Florida, Texas and Massachusetts.  *See* Exhibits 9, 10 and 11. Holdings is not.  *See* Exhibit 12 (not registered in Texas).  Other public records show that LLI, not Holdings, operates the stores.  As but one example, the tax assessor's public records for Harris County, Texas show that LLI and not Holdings paid the property taxes on the three listed Lumber Liquidators stores.  *See* Exhibit 13.

---

[4]    Plaintiffs' citation to this document is puzzling.  This document sets out the terms of Lumber Liquidators's purchases from vendors – hence, it states that the contracting parties are LLS and "Sellers."  It does not mention Holdings anywhere, and on its face has no relevance to this lawsuit.

***Trademarks.***  Another indicator that Holdings does not operate the business is provided by the publicly-available database of federal trademarks.  It shows that LLI and other corporate affiliates, including LLS, own the trademarks relating to the stores and flooring products.  *E.g.*, Exhibit 14 (results of search query of federal trademark database, showing all trademarks owned by any Lumber Liquidators entity).  This index from the federal trademark database shows that Holdings owns none of those trademarks.

## STANDARD OF REVIEW

The Court should dismiss the Complaint if Plaintiffs fail to allege facts that constitute valid claims.  *Republican Party of N.C. v. Martin*, 980 F.2d 943, 951 (4th Cir. 1992).  Similarly, even if Plaintiffs' Complaint parrots the elements of a cause of action, the Court should dismiss the claims if the facts alleged are not "plausible."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## ARGUMENT

This motion is straightforward.  The warranties and contract terms cited in the Complaint were made by LLI (and, in one unrelated instance, by LLS), not by Holdings.  Holdings does not do business in the states in which Plaintiffs reside, thus making it implausible that Holdings sold the products at issue to Plaintiffs.  Consistent with these facts, LLI, not Holdings, supplies the terms and conditions for the use of Lumber Liquidators's Website.  Any valid claims would lie, if at all, against LLI, but not against the parent company Holdings, which merely owns LLI's stock.

Nor would Holdings be derivatively liable for the acts alleged in the Complaint against its subsidiaries.  Holdings is a separately incorporated parent entity which has no derivative liability for the liability of its subsidiaries.  *Reynolds Metals Co. v. Columbia Gas Sys., Inc.*, 669 F. Supp.

744, 748-50 (E.D. Va. 1987) (parent corporation not responsible for the subsidiary's actions); *Brown v. Margrande Compania Naviera, S.A.*, 281 F. Supp. 1004, 1005-07 (E.D. Va. 1968) ("A corporation is a legal entity separate and apart from its stockholders, and the corporate fiction should not be disregarded because of … the fact of ownership of capital stock in one corporation by another.").

When a plaintiff sues the wrong corporate entity (such as here, the parent rather than the subsidiary), courts routinely dismiss the claims under Rule 12(b)(6).  *E.g.*, *Maday v. Toll Bros. Inc.*, 72 F. Supp. 2d 599, 605-06 (E.D. Va. 1999) (dismissing case because plaintiffs failed to name proper corporate entity); *see also Tucker v. Charles Schwab Bank*, No. 12-CV-3399, 2013 WL 1337329, at *2-3 (N.D. Ill. Mar. 29, 2013) (dismissing claims because documents attached to complaint indicated different corporate entity was involved, not named defendant); *Torrelio v. Evergreen Shipping Agency (Am.) Corp.*, No. 2:10-0857-MBS, 2011 WL 675043, at *2-3 (D.S.C. Feb. 16, 2011) (dismissing case because plaintiff sued wrong corporate subsidiary). The Court should similarly dismiss the Complaint here because Holdings is not and cannot be liable for any of the claims in the Complaint.

This motion would have been mooted had Plaintiffs amended their Complaint to substitute LLI as the proper defendant, or in the alternative, to add LLI and/or LLS as additional defendants.  Holdings anticipates that Plaintiffs will eventually be compelled do so because (1) Holdings lacks possession or control of virtually any of the documents Plaintiffs are likely to seek in discovery, and (2) Plaintiffs would risk that their claims against Holdings ultimately fail simply because they named the wrong entity.  Should the case proceed, Plaintiffs will learn that Holdings has **only three employees** (all corporate officers), and conducts no business operations.

But, for the time being at least, Plaintiffs appear to insist – wrongly – that Holdings is the only

appropriate defendant.

<div align="center">

**<u>CONCLUSION</u>**

</div>

For these reasons, the Court should grant Lumber Liquidators Holdings, Inc.'s motion

and dismiss the Complaint with prejudice.

Dated:  January 17, 2014                    Respectfully submitted,

<div style="margin-left: 45%;">

/s/ Douglas P. Lobel
Douglas P. Lobel
Virginia State Bar Number 42329
David A. Vogel
Virginia State Bar Number 48971
Attorneys for Lumber Liquidators
Holdings, Inc.
COOLEY LLP
11951 Freedom Drive
Reston, Virginia 20190-5656
Telephone:  (703) 456-8000
Facsimile:  (703) 456-8100
E-mail:  dlobel@cooley.com
E-mail:  dvogel@cooley.com

</div>

Jonathan P. Bach
*Admitted pro hac vice*
Attorneys for Lumber Liquidators
Holdings, Inc.
COOLEY LLP
1114 Avenue of the Americas
New York, New York 10036-7798
Telephone:  (212) 479-6000
Facsimile:  (212) 479-6275
E-mail:  jbach@cooley.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 17th day of January, 2014, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Bernard Joseph DiMuro
DiMuro Ginsberg PC
1101 King Street, Suite 610
Alexandria, VA  22314-2956
Email:  ddimuro@dimuro.com

*Attorney for Plaintiffs*

And I hereby certify that on the 17th day of January, 2014, the foregoing document will also be served via hand-delivery on the following:

Bernard Joseph DiMuro
DiMuro Ginsberg PC
1101 King Street, Suite 610
Alexandria, VA  22314-2956
Email:  ddimuro@dimuro.com

*Attorney for Plaintiffs*

/s/ Douglas P. Lobel
Douglas P. Lobel
Virginia State Bar Number 42329
Attorneys for Lumber Liquidators
Holdings, Inc.
COOLEY LLP
11951 Freedom Drive
Reston, Virginia 20190-5656
Telephone:  (703) 456-8000
Facsimile:  (703) 456-8100
E-mail:  dlobel@cooley.com

587175/RE